### No. 439

No. 19442—Andrew Mellon, successor to James C. Davis, Director General and Agent of Railroads, v. Fred W. Weber. Error to the Mahoning Appeals.

1235. VERDICT—1. Prejudicial error in refusal of court to instruct jury, on request of either party, that if general verdict is rendered to specially find upon particular questions of fact.

2. This provision is mandatory provided such questions require answers which establish probative facts from which an ultimate material fact may be inferred as a matter of law.

DAY, J.

1. Where upon trial for damages for personal injuries under the Federal Employers' Liability Act there is an issue whether the plaintiff, a brakeman, was engaged in interstate or intrastate commerce, the evidence tends to show that such brakeman is employed in moving, within a railroad yard, loaded cars which are in use in interstate commerce and after commencing such movement, before final delivery of such interstate cars, such work is suspended a short time to enable the crew to remove certain empty cars from a warehouse track for the purpose of placing on such warehouse track the interstate cars, in the position then occupied by the empty cars, and also for the purpose of carrying out orders to transport such empty cars to another point in the same state in intrastate commerce, and said brakeman is injured just as he is in the act of going upon the warehouse track to secure the empty cars for both of the above named purposes, a motion for a directed verdict, finding that the brakeman is engaged in intrastate commerce should be denied and the question submitted to the jury, under proper instructions.

2. Section 11463, General Code, requiring the court, on the request of either party, to instruct the jurors if they render a general verdict specially to find upon particular questions of fact stated in writing, and to render written findings thereon, is mandatory in character, provided such questions require answers which establish probative facts from which an ultimate material fact may be inferred as a matter of law. A refusal to submit such an interrogatory to the jury, when properly requested, for an answer thereto in the event a general verdict is rendered, is prejudicial error.

Judgment reversed.

Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur. Marshall, CJ., concurs in proposition 2 of the syllabus and in the judgment.

---

### No. 440

No. 19509—Lake Shore Electric Ry. Co. v. Public Utilities Comm. No. 19510—George P. Sohngen, receiver, v. Public Utilities Commission. No. 19524—Hocking Valley Railway Co. v. The Public Utilities Commission. No. 19542 —C. C. C. & St. L. R. R. Co. v. Public Utilities Commission. No. 19538—C. D. & M. Electric Co. v. Public Utilities Commission. No. 19567 —C. D. & M. Electric Co. v. Public Utilities Commission. No. 19561—Western Ohio Railway Co. v. Public Utilities Commission. No. 19574—B. & O. R. R. Co. v. Public Utilities Commission. No. 19576—N. Y. C. R. R. Co. v. Public Utilities Commission. No. 19581— Erie R. R. Co. et al v. Public Utilities Commission. No. 19584—Columbus Railway Power & Light Co. v. Public Utilities Commission. No. 19588—The Youngstown & Suburban Transport Co. v. Public Utilities Commission. No. 19589—Columbus & Zanesville Transport Co. v. Public Utilities Commission. No. 19592 —Dayton & Columbus Transport Co. v. Public Utilities Commission. Error to the Public Utilities Commission.

793. MOTOR VEHICLES—1. Publication must be made of application for certificate to operate motor transportation.

2. Where regular lines are furnishing reasonable service, casual and unusual service cannot be authorized.

MARSHALL, C. J.

1. By the provisions of section 614-91, General Code, an applicant for a certificate to operate motor transportations over all the streets and highways of the state must give notice of the filing thereof by publication made one a week for three weeks in a newspaper of general circulation published at the county seat of each county in the state in or through which the applicant proposes to operate.

2. A certificate for motor transportation of passengers upon irregular routes over all public highways, roads and streets in the State of Ohio for the convenience of the casual travelers over highways, roads and streets already traversed by regular routes, is unauthorized where it is not shown that the regular lines of transportation service are not furnishing reasonable facilities for such travel.

2. Casual and unusual service such as heretofore has been rendered under private contract is not the proper subject-matter of a certificate of public convenience and necessity.

Order reversed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.